**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | |
|---|---|
| **FITZ GREEN** | **: CIVIL ACTION** |
| **v.** | **:** |
| **CITY OF PHILADELPHIA** | **: NO. 02-CV-4433** |
| **And** | **:** |
| **EVELYN WHITE** | **:** |

_____

### CITY OF PHILADELPHIA'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSSCLAIM DIRECTED AGAINST EVELYN WHITE

**INTRODUCTION**

On June 30, 2000, Police Officer Williams, Badge Number 4314 and Police Officer Whitaker responded to a radio call of disturbance at 6830 North 18th Street. The complainant was Evelyn White. While on location the officers observed a handgun that was confiscated pending investigation. The gun was returned after a record's check indicated that the gun was lawfully registered and owned by Evelyn White. On July 4, 2000, investigation reveals that Police Officer Eiland, badge number 3108 responded to a radio call for aggravated assault. Upon arrival, Officer Eiland found Fitz Green with a gunshot wound to his right leg. According to Ms. White and a Ms. Lavernia Williams, Ms. White shot Mr. Green in self-defense. Ms. White was thereafter arrested and charged with aggravated assault. The Detective assigned to this matter was Detective Swinton, badge number 9001.

**JURISDICTION**

1.    Denied in part. It is denied that Ms. White acted under color of state law. It is denied that a municipal employee or a municipality can be liable under the 5th Amendment. It is admitted that jurisdiction is proper.

**VENUE**

2.    Admitted.

**PARTIES**

3.      Admitted.

4.      Based upon reasonable investigation this allegation cannot be admitted or denied.

5.      Based upon reasonable investigation this allegation cannot be admitted or denied.

6.      Denied.  All allegations addressed to Doe Defendants are denied.  Moreover, this attorney and his Law Office do not represent any fictitious party.

7.      Denied.  All allegations addressed to Doe Defendants are denied.  Moreover, this attorney and his Law Office do not represent any fictitious party.

**FACTS**

8.      Admitted in part.  It is admitted that Ms. White shot plaintiff in the leg. Based upon reasonable investigation the remaining allegations concerning any prior incident involving gun threats between the plaintiff and Ms. White cannot be admitted or denied.

9.      Denied.  On June 30, 2000, Police Officer Williams, Badge Number 4314 and Police Officer Whitaker responded to a radio call of disturbance at 6830 North 18th Street.  The complainant was Evelyn White.  While on location the officers observed a handgun that was confiscated pending investigation.  The gun was returned after a record's check indicated that the gun was lawfully registered and owned by Evelyn White.  On July 4, 2000, investigation reveals that Police Officer Eiland, badge number 3108 responded to a radio call for aggravated assault.  Upon arrival, Officer Eiland found Fitz Green with a gunshot wound to his right leg.  According to Ms. White and a Ms. Lavernia Williams, Ms. White shot Mr. Green in self-defense. Ms. White was thereafter arrested and charged with aggravated assault.   The Detective assigned to this matter was Detective Swinton, badge number 9001.


## COUNT I-GREEN V. CITY OF PHILADELPHIA AND
## <u>JOHN DOE I AND JOHN DOE II</u>


The City of Philadelphia hereby incorporates by reference it answers to Introduction through paragraph 9 as though fully set forth at length.


10.     Denied.

11.    Denied.

12.    Denied.

13.    Denied.

14.    Denied. All allegations addressed to Doe Defendants are denied.  Moreover, this attorney and his Law Office do not represent any fictitious party.

15.    Denied. The officers that responded to the call on June 30th were not the same officers that responded to the call on July 4th therefore said allegations are denied. The remaining allegations are also denied.

16.    Denied. All allegations addressed to Doe Defendants are denied.  Moreover, this attorney and his Law Office do not represent any fictitious party. And, these allegations are denied as untrue.

17.    Denied. Denied. The officers that responded to the call on June 30th were not the same officers that responded to the call on July 4th therefore said allegations are denied. The remaining allegations are also denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

## COUNT II-GREEN V. CITY OF PHILADELPHIA

The City of Philadelphia hereby incorporates by reference it answers to Introduction through paragraph 23 as though fully set forth at length.

24.    Denied.  It is denied that the City of Philadelphia caused the plaintiff's injuries.

## COUNT III-GREEN V. WHITE

The City of Philadelphia hereby incorporates by reference it answers to Introduction through paragraph 24 as though fully set forth at length.

3

25.    All allegations addressed to White are denied.

26.    All allegations addressed to White are denied.

WHEREFORE, the City of Philadelphia respectfully requests that judgment be entered in its favor.

## AFFIRMATIVE DEFENSES

1.    It is averred that Plaintiffs have failed to state a claim under 42 U.S.C. §1983 upon which relief can be granted.

2.    Answering defendants assert all of the defenses, immunities, and limitations of damages available to them under the Political Subdivision Tort Claims Act, and aver that the Plaintiffs' remedies are limited exclusively thereto.  Act of Oct. 5, 1980, No. 142, P.L. 693, 42 Pa. C.S.A. §8541 et seq.

## COUNTERCLAIM DIRECTED AGAINST EVELYN WHITE

1.    The City of Philadelphia hereby incorporates by reference the allegations set forth in Plaintiff's Complaint as though set forth at length.

2.    Defendant White failed to exercise reasonable in the use of her firearm.

3.    The injuries sustained by the plaintiff were solely caused by the negligence of Ms. White.

**WHEREFORE**, City of Philadelphia demands judgment in its favor and against Evelyn White by way of contribution for all sums paid by City of Philadelphia or its employees as a result of verdict or settlement and attorney's fees and costs expended in the defense of this action, plus interest.

Date:  August 9, 2002

_____
JEFFREY SCOTT
Divisional Deputy City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5439

4

## <u>CERTIFICATE OF SERVICE</u>

I, Jeffrey Scott, do hereby certify that service of a true and correct copy of the

Defendants' Answer to Plaintiffs' Complaint with Federal Defenses and Crossclaim has been

served upon the following individual by regular mail, August 9, 2002

**TO:**   Robert Land, Esquire          Ms. Evelyn White
        The Curtis Center             1439 S. Napa Street
        601 Walnut Street             Philadelphia, PA 19146
        Suite 160 West
        Philadelphia, PA 19106

Date:   August 9, 2002

                                  _____
                                  JEFFREY SCOTT
                                  Divisional Deputy City Solicitor
                                  City of Philadelphia Law Department
                                  1515 Arch Street, 14th Floor
                                  Philadelphia, PA 19102
                                  (215) 683-5439