IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FITZ GREEN** | : CIVIL ACTION |
| v. | : |
| **CITY OF PHILADELPHIA et al.** | : NO. 02-CV-443 |

**ORDER**

**AND NOW,** this _____day of November, 2002, upon consideration of Defendants' City of Philadelphia, Police Officer Williams and Police Officer Whitaker's Motion to Dismiss and plaintiff's response thereto, it is hereby **ORDERED and DECREED** that said Motion is **GRANTED.**

IT IS FURTHER **ORDERED** that:

1. All claims brought against the City of Philadelphia, Police Officer Williams and Police Officer Whitaker are dismissed with prejudice.

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FITZ GREEN** | : CIVIL ACTION |
| vi. | : |
| **CITY OF PHILADELPHIA et al.** | : NO. 02-CV-443 |

**DEFENDANTS' CITY OF PHILADELPHIA, POLICE OFFICER WHITAKER AND POLICE OFFICER WILLIAMS' MOTION TO DISMISS PLAINITFF'S AMENDED COMPLAINT**

1. Plainitff brings this claim pursuant to 42 U.S.C. §1983. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

2. The plaintiff alleges that on July 3, 2000, Defendant Evelyn White shot plainitff. See Amended Complaint at ¶8, attached hereto as Exhibit "A."

3. The plainitff alleges that a few weeks prior to July 3, 2000, Officers Whitaker and Williams took a gun from Ms. White and returned it to Ms. White despite the fact that they know of her predilections and propensity. Amended Complaint at ¶9. The plaintiff further alleges that the gun was not registered to White. He further alleges that White did not have a permit to carry the gun. [1]

4. Plainitff alleges that Officers Whitaker and Williams acted in wilfull disregard for the safety of the plaintiff.

5. Plaintiff alleges that Officer Whitaker and Williams violated the plaintiff's 14th Amendment rights by creating an opportunity that would not have existed for a third party's crime to occur. The plaintiff further alleges that the individual officers assumed responsibility for the protection of the plaintiff. Amended Complaint at ¶¶10-22.

---

[1] The plaintiff's initial contact with Officers Whitaker and Williams occurred on June 3, 2000. This is not a few weeks as suggested by the plainitff in his amended complaint but one solid month before White shot Green. Plaintiff's counsel was provided these dates in Defendants' initial disclosures and in the City's answer to plaintiff's original complaint which was filed on or about August 9, 2002. Defendants aver that Plaintiff's counsel had an obligation under Rule 11 to set forth the true dates of the events in the plaintiff's amended complaint and to be candid with the Court.

6. The plaintiff has failed to state a cause of action against the Police Officers Whitaker and Williams under 42 U.S.C. §1983. DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 195-96, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989).

7. The plaintiff also alleges that the City of Philadelphia violated the plaintiff's constitutional rights by failing to train police officers concerning the rights of persons legally inhabiting the land to be secure and safe and thereby causing Officers Williams and Whitaker to engage in unlawful conduct. Amended Complaint at ¶24.

8. Since the plaintiff has failed to set forth a cognizable claim against the individual police officers under §1983, the claim asserted against the City must also fail. Cannon v. City of Philadelphia, 86 F.Supp.2d at 476-78, aff'd 261 F.3d 490 (3rd Cir. 2001).

    Wherefore, based on the above reasons and those found in the following memorandum of law the City of Philadelphia, Police Officer Williams and Police Officer Whitaker respectfully request that judgment be entered in their favor and against the plaintiff with costs.

Date:   October 29, 2002

_____
JEFFREY SCOTT
Divisional Deputy City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5439
Attorney for City of Philadelphia, Police Officer Williams and Police Officer Whitaker

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FITZ GREEN | : CIVIL ACTION |
| vii. | : |
| CITY OF PHILADELPHIA et al. | : NO. 02-CV-443 |

**DEFENDANTS' CITY OF PHILADELPHIA, POLICE OFFICER WHITAKER AND POLICE OFFICER'S WILLIAMS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

## I.  STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the allegations contained in the complaint." Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993); see also Ditri v. Coldwell Banker Residential Affiliates, Inc., 954 F.2d 869, 871 (3d Cir. 1992).  The court must determine "whether 'the facts alleged in the complaint, even if true, fail to support the [plaintiff's] claim.'" Kost, 1 F.3d at 183 (quoting Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988)).  In order to defeat the motion, the complaint must "'set forth sufficient information to outline the elements of [plaintiff's] claim or to permit inferences to be drawn that these elements exist.'" Kost, 1 F.3d at 183 (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §1357, at 340 (2d ed. 1990)). The plaintiff cannot meet this burden and therefore the claims asserted against the moving parties should be dismissed with prejudice.

4

## II. LEGAL ARGUMENT

### A. INTRODUCTION--THE FOURTEENTH AMENDMENT DUE PROCESS CLAUSE

"In order to establish a cognizable abuse of governmental authority under the substantive due process clause, plaintiffs must demonstrate conduct that shocks the conscience." Ellsworth et al. v. City Of Lansing, 34 F. Supp. 2d 571, 579 (SD MI 1998), citing County of Sacramento v. Lewis, 523 U.S. 833, 118 S.Ct. 1708, 1717 (1998). Lewis explains that "[o]nly the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'" Lewis, 523 U.S. at 846. (quoting Collins v. Harker Heights, 503 U.S. 115, 129 (1992)). "A determination of whether the actions of the state actor shock the conscience requires an evaluation of the context in which they acted.[2]. With this standard in mind, this Court must determine if the actions of the individual officers can even give rise to a cognizable cause of action under §1983.

In general, state actors have no affirmative obligation to protect citizens from injuries caused by others or themselves. See DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 195-96, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989)(The due process clause does not generally confer affirmative rights to governmental aid, even where such aid may be necessary to secure life.)

There are two exceptions to this rule: (1) the special relationship exception, which allows the plaintiff to recover when the state enters into a special relationship with a particular citizen and

---

[2] The Lewis Court defined the middle level of culpability as the "deliberate indifference" standard and noted that deliberate indifference can sometimes be conscience shocking, but identified only one situation in which it has ever found the deliberate indifference of individual officials to shock the conscience, that in which prison officials ignore the serious medical needs of pre-trial detainees. Lewis, 523 U.S. at 849-52.

fails to protect the health and safety of the citizen to whom it owes an affirmative duty, and (2) the state-created danger exception, which allows the plaintiff to recover when, under certain circumstances, a state actor creates a danger that causes harm to an individual. Morse v. Lower Merion School District, 132 F.3d 902, 907 (3rd Cir.1997). Before this Court determines which exception, if any applies to this case, the Court must determine if the individual defendants are immune from suit under the doctrine of qualified immunity.

### B. DEFENDANTS WILLIAMS AND WHITAKER ARE ENTITLED TO JUDGMENT UNDER THE DOCTRINE OF QUALIFIED IMMUNITY

"Qualified immunity protects government officials, in their individual capacities, from suit unless the law preexisting the defendant official's supposedly wrongful act was already established to such a high degree that every objectively reasonable official standing in the defendant's place would be on notice that what the defendant official was doing would be clearly unlawful given the circumstances." Pace v. Capobianco, et al., __ F.3d___, 2002 WL 331959 at 5-6 (11th Cir. March 1, 2002), citing, Lassiter v. Alabama A&M Univ., 28 F.3d 1146, 1149-1150 (11th Cir.1994) (en banc).

In Saucier v. Katz, 533 U.S. 194 (2001), the Supreme Court articulated a new framework for analyzing qualified immunity. Under the framework set forth in Saucier, claims of "qualified immunity are to be evaluated using a two-step process. First, the court must determine whether the facts, taken in the light most favorable to the plaintiff, show a constitutional violation. If the plaintiff fails to make out a constitutional violation, the qualified immunity inquiry is at an end; the officer is entitled to immunity." Bennett, 274 F.3d 133, 136-37 (3d Cir. 2002).

> [On the other hand, if] evidence of a constitutional violation has been adduced, courts evaluating a qualified immunity claim move to the second step of the analysis to determine whether the constitutional right was clearly established.

>That is, in the factual scenario established by the plaintiff, would a reasonable officer have understood that his actions were prohibited? The focus in this step is solely upon the law. If it would not have been clear to a reasonable officer *what the law required* under the facts alleged, he is entitled to qualified immunity. If the requirements of the law would have been clear, the officer must stand trial.

Bennett, 274 F.3d at 136-37. The Defendants submit that the plaintiffs have failed to set forth a constitutional violation and therefore the Court need not reach the second step of the qualified immunity argument.

1. **The plaintiffs have failed to set forth a cognizable cause of action under the due process clause because state actors have no affirmative obligation to protect citizens from injuries caused by others.**

Because state actors have no affirmative obligation to protect citizens from injuries caused by others or themselves the officers are immune from suit. See DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 195-96, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989); Penilla v. City of Huntington Park, 115 F.3d 707, 709 (9th Cir. 1997) and Regalbuto v. City of Philadelphia, 937 F.Supp. 374, 379 (E.D.Pa.1995) aff'd, 91 F.3d 125 (3d Cir.1996). The individual defendants are immune from suit because the plaintiffs have failed to set forth an underlying constitutional claim. Saucier v. Katz, 533 U.S. 194 (2001). Assuming arguendo that the plaintiffs have made out a constitutional claim the individual defendants are still immune because they did not violate clearly established preexisting law.

7

## 2. The individual defendants are immune from suit because their conduct did not violate clearly established preexisting law.

Under the second step of the qualified immunity analysis a state actor need not stand trial if the preexisting law was not clearly established at the time of the alleged constitutional violation. "[T]he preexisting law must give real notice of practical value to government officials, considering the specific circumstances confronting them, and not just talk of some generalized, abstract intellectual concept. Public officials are not obligated to be creative or imaginative in drawing analogies from previously decided cases." Adams v. St. Lucie County Sheriff's Dept., 962 F.2d 1563, 1575 (11th Cir.1992), approved en banc 998 F.2d 923 (11th Cir.1993). "Unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit." Lassiter, 28 F.3d at 1149. In the case at bar, there was no clearly established preexisting law that would have placed the individual defendants on notice that their conduct would have violated the plaintiff's due process rights.

The plaintiff cannot point to any preexisting case that would have placed Officers Williams and Whitaker on actual notice that their failure to confiscate a gun from a person not charged with any criminal offense would be a violation of Green's constitutional rights. Since Green cannot point to any preexisting case law that would have placed the individual defendants on notice that their conduct violated his constitutional rights, they should not be required to stand trial. See Saucier, 533 U.S. 194 (2001) and Bennett, 274 F.3d at 136-37. Assuming arguendo that the individual defendants are not immune from suit they should still be dismissed because the plaintiffs cannot satisfy the first and fourth prong of the state-created danger exception.

C.  **THE PLAINTIFF'S CLAIM UNDER THE DUE PROCESS CLAUSE MUST BE DISMISSED BECAUSE HE CANNOT SATISFY THE FIRST AND FOURTH PRONG OF THE STATE-CREATED DANGER EXCEPTION**

In Kneipp v. Tedder, 95 F.3d 1199 (1996), the Third Circuit enumerated a four part test that a plaintiff must satisfy to prevail on a claim based upon a danger created by a state actor: (1) the harm ultimately caused was foreseeable and fairly direct; (2) the state actor acted in willful disregard for the safety of the plaintiff; (3) there existed some relationship between the state and the plaintiff; and (4) the state actors used their authority to create an opportunity that otherwise would not have existed for the harm to occur. Cannon v. City of Philadelphia, 86 F.Supp.2d at 465, aff'd 261 F.3d 490 (3rd Cir. 2001).

To satisfy the first element of the state-created danger exception, the plaintiff must demonstrate that the harm ultimately caused was foreseeable and fairly direct. The shooting between Green and White occurred four weeks after Officers Williams and Whitaker responded to the radio call on June 3, 2000. As a matter of law, a four-week time period between the Officers' initial encounter and the shooting cannot be considered a foreseeable and fairly direct consequence of the Officers' alleged inaction. Assuming arguendo that the plaintiff's amended complaint satisfies the first prong of the state-created danger exception the plaintiff cannot satisfy the fourth prong.

To satisfy the fourth prong of the state the state-created danger exception the plaintiff must show that the state actors used their authority to create an opportunity that otherwise would not have existed for the harm to occur. Cannon v. City of Philadelphia, 86 F.Supp.2d at 465, aff'd 261 F.3d 490 (3rd Cir. 2001). Because substantive due process concerns only abuses of governmental power, Kneipp's requirement that one must have somehow used his powers as a state actor to create danger is key:

> The key to state-created danger cases. . . lies in the state actors' culpable knowledge and conduct in <u>affirmatively</u> placing an individual in a position of danger, <u>effectively stripping a person of her ability to defend herself, or cutting off potential sources of private aid</u>.

<u>Johnson v. Dallas Independent School Dist.</u>, 38 F.3d 198, 201 (5th Cir. 1994), <u>cert. denied</u>, 514 U.S. 1017 (1995) (emphasis added). The shooting between Green and White occurred four weeks after Officers Williams and Whitaker responded to the radio call on June 3, 2000. If the Officers placed Green in danger then it follows that Green would have been shot by White as soon as the Officers left the scene--not four weeks later. Furthermore, the amended complaint fails to allege how White came to shoot Green after Officer Williams and Whitaker were no longer on location. Moreover, the amended complaint fails to set forth any facts that show that Officers Williams and Whitaker were even involved with Green and White from June 3, 2000 until July 3, 2000. The actions of the individual defendants in this case do not even come close to the type of affirmative conduct that can satisfy the fourth prong of the state-created danger exception. Therefore the plaintiffs' claim under the state-created danger exception should be dismissed with prejudice. <u>Cannon v. City of Philadelphia</u>, 86 F.Supp.2d at 465, <u>aff'd</u> 261 F.3d 490 (3rd Cir. 2001). <u>See also</u> <u>Lansdown v. Chadwick</u>, __ F. Supp. 2d __, 2000 WL 33406853, at *16 (W.D. Ark. October 5, 2000) (police officers' perceived "discouragement" of firefighters' rescue efforts at home of mentally disturbed man "not the type of affirmative conduct required by <u>DeShaney</u> and its progeny"), <u>aff'd</u>, __ F.3d __, 2001 WL 868053 (8th Cir. August 2, 2001); <u>Estate of Amos v. City of Page</u>, No. 99-16214, __ F.3d __, 2001 WL 838863 (9th Cir. July 26, 2001) (quoting <u>Jackson v. City of Joliet</u>, 715 F.2d 1200 (7th Cir. 1983), <u>cert. denied</u>, 465 U.S. 1049 (1984) (Posner, J.)).

### C. **PLAINTIFFS HAVE NO EVIDENCE THAT THE CITY OF PHILADELPHIA VIOLATED PLAINTIFF'S CONSTITUTIONAL RIGHTS**

To prevail against the City of Philadelphia under Section 1983, plaintiff must prove that his rights were "violated as a result of a municipal policy or custom of deliberate indifference" to the rights of its citizens. Estate of Henderson v. City of Philadelphia, 1999 U.S. Dist. LEXIS 10367 *54-55 (E.D. Pa. July 12, 1999), citing Simmons v. City of Philadelphia, 947 F.2d 1042, 1064 (3d Cir. 1991). Under Monell, a municipality may be liable under § 1983 if its policy or well-settled custom causes a constitutional injury. Monell, 436 U.S. at 694 and Kneipp, 95 F.3d at 1211. Furthermore, plaintiffs must "present scienter-like evidence of indifference on part of a particular policymaker or policymakers." Simmons, 947 F.2d at 1060-61. "The requirement of producing scienter-like evidence on the part of an official with policymaking authority is consistent with the conclusion that absent the conscious decision or deliberate indifference of some natural person, a municipality, as an abstract entity, cannot be deemed to have engaged in a constitutional violation by virtue of a policy, a custom, or [practice]." Id. at 1063. Since none of individual defendants committed a constitutional tort, plaintiff's municipal liability claim must fail. See Collins, 503 U.S. at 120 ("proper analysis requires us to separate two different issues when a Section 1983 claim is asserted against a municipality: (1) whether plaintiff's harm was caused by a constitutional violation and if so, (2) whether the city is responsible for that violation. Cannon v. City of Philadelphia, 86 F.Supp.2d at 476-78, aff'd 261 F.3d 490 (3rd Cir. 2001).

III. **CONCLUSION**

Based on the above reasons, the City of Philadelphia, Police Officer Williams and Police Officer Whitaker respectfully request that judgment be entered in their favor and against plaintiff with prejudice.

Date:   October 29, 2002

                                                _____
                                                Jeffrey M. Scott
Divisional Deputy City Solicitor
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
Attorney I.D. No. 60184
215-683-5439
Attorney for City of Philadelphia, Police Officer Williams and Police Officer Whitaker

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the Defendants' Motion to Dismiss has been served upon counsel for plaintiffs listed below, by first-class mail, postage prepaid, on October 30, 2002. In addition, I hereby certify that a copy of the Defendants' Motion to Dismiss has been filed electronically and is available for viewing and downloading from the ECF System.

Robert Land, Esquire  
The Curtis Center  
601 Walnut Street  
Suite 160 West  
Philadelphia, PA 19106

Ms. Evelyn White  
1439 S. Napa Street  
Philadelphia, PA 19146

 

_____  
JEFFREY SCOTT  
Divisional Deputy City Solicitor  
City of Philadelphia Law Department  
1515 Arch Street, 14th Floor  
Philadelphia, PA 19102  
(215) 683-5439  
Attorney for City of Philadelphia, Police Officer Williams and Police Officer Whitaker