IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FITZ GREEN, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. 02-4433 |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et. al, | : | |
| | : | |
| Defendants. | : | |

MEMORANDUM

BUCKWALTER, J.                                                                                          April 9, 2003

      Presently before the Court are Defendants the City of Philadelphia's, Officer Williams's, and Officer Whitaker's Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint and Plaintiff's Response thereto. For the reasons stated below, Defendants' Motion to Dismiss is **GRANTED**.

**I.   BACKGROUND**

      This case arises out of an investigation of a domestic dispute at Plaintiff Fitz Green's (hereinafter referred to as "Green" or "Plaintiff") residence. Officer Williams and Officer Whitaker were called to investigate. When they arrived, Plaintiff warned the officers that Evelyn White (hereinafter referred to as "White") had threatened him with a gun. Green also made the officers aware of White's violent propensities. Pl.'s Am. Compl. at ¶ 9.

Officers Williams and Whitaker took the gun from White and removed it from the premises. Id. Even though the gun was not registered and even though White did not have a license to carry the gun, the officers returned the gun to White. A few weeks later, on July 4, 2000, White shot Plaintiff in the right leg.

Plaintiff brings the present action against Defendants the City of Philadelphia, Officer Williams, Officer Whitaker, and Evelyn White.[1] Plaintiff asserts two claims pursuant to 42 U.S.C. § 1983. The first claim is against Defendants the City of Philadelphia, Officer Williams, and Officer Whitaker under the theory of "state created danger." See id. at ¶ 21. The second claim is against the City of Philadelphia for a violation of Green's rights as a result of the City's policy of "permitting police officers to return guns to their owners after the owners showed a tendency toward violent conduct." Id. at ¶ 24.

Defendants City of Philadelphia, Officer Williams, and Officer Whitaker (collectively referred to as the "Defendants") filed the present Motion to Dismiss, to which Plaintiff responds.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) is granted where the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). This motion "may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000). While the court must accept all factual allegations

---

1. Plaintiff alleges civil assault and battery against Defendant White. See Pl.'s Am. Compl. at ¶ 25.

in the complaint as true, it "need not accept as true 'unsupported conclusions and unwarranted inferences.'" Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 184 (3d Cir. 2000) (quoting City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 n.13 (3d Cir. 1998)). In a 12(b)(6) motion, the defendant bears the burden of persuading the court that no claim has been stated. Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

## III. DISCUSSION

### A. State-Created Danger

In general, the state owes no affirmative duty to protect citizens from the tortious acts of private individuals. DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 195-96 (1989). However, the Third Circuit has held that two exceptions may apply: (1) the special relationship exception and (2) the "state-created danger" exception. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 907 (3d Cir. 1997). Plaintiff brings the present action under the "state-created danger" theory, "alleging that the police at the scene violated Mr. Green's civil rights by failing to confiscate the gun and participating in the return of the gun to the perpetrator, which proximately resulted in severe bodily injury to plaintiff." Pl.'s Am. Compl.

The "state-created danger" exception allows a state to be held responsible for the conduct of a third party where the state creates the circumstances under which the harm occurs. To establish a viable claim under this theory, the plaintiff must show:

> (1) the harm ultimately caused was foreseeable and fairly direct;
>
> (2) the state actor acted in willful disregard for the safety of the plaintiff;
>
> (3) there existed some relationship between the state and the plaintiff; [and]

>  (4) the state actors used their authority to create an opportunity
>  that otherwise would not have existed for the third party's crime
>  to occur.

Kneipp v. Tedder, 95 F.3d 1199, 1208 (3d Cir. 1996) (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1152 (3d Cir. 1995)).

Accepting the allegations in the Complaint as true, the Court finds that Plaintiff fails to allege the elements of the Kneipp test. Specifically, Plaintiff fails to demonstrate prong four on how "the state actors used their authority to create an opportunity that otherwise would not have existed for the third party's crime to occur." Id.

To satisfy this fourth factor, the "court must determine . . . whether the officers' acts or omissions 'placed' [the victim] in greater danger than he already faced such that the state can be said to have 'created' a danger to [the victim]." Estate of Henderson v. City of Philadelphia, No. 98-3861, 1999 U.S. Dist. LEXIS 10367, at *32-33 (E.D. Pa. July 12, 1999), aff'd 216 F.3d 1076 (3d Cir. 2000). Based on the allegations set forth in the Amended Complaint, the Court finds that Green failed to establish that Officers Williams and Whitaker created a situation that increased any risk of harm or subjected Green to a risk that did not exist before the officers acted.

The Amended Complaint provides that Officer Williams and Officer Whitaker were called to Plaintiff's residence due to a domestic dispute. At Green's residence, the officers were made aware of the previous conduct of White, including the fact that she threatened Plaintiff with the use of a gun. Williams and Whitaker took the gun from White and removed it from the premises. Even though the gun was not registered and even though White did not have a license

to carry the gun, the officers returned the gun to White. On July 4, 2000, a few weeks after this initial domestic dispute, White shot Plaintiff in the right leg.

Central to the Court's decision to dismiss Plaintiff's Complaint against the Defendants is the passage of time between the initial domestic dispute and the shooting. The Complaint alleges that a "few weeks" passed between incidents. There is no allegation that during the intervening time the officers exerted any control over Plaintiff's environment or that they interfered with any source of private assistance available to Green. See, e.g., White v. City of Philadelphia, 118 F.Supp.2d 564, 572 (E.D. Pa. 2000) (concluding that the complaint failed to allege facts sufficient under the state created danger theory of liability and stating that "[t]he Officers in the instant case likewise did not exert any control over [the deceased's] environment or interfere with any source of private assistance").

Any number of events could have occurred during those "few weeks" leading up to the shooting of Green. These intervening events, however, cannot be attributed to Officers Williams and Whitaker. The officers, though they returned the gun to White, did nothing to place Plaintiff in jeopardy a "few weeks" later. Though unfortunate, Green was simply a victim of private violence inflicted on him by White. The passage of a "few weeks" between Defendants' actions and the harm that ultimately befell Green cannot support liability in this case. As such, the Court concludes that the Plaintiff has not alleged facts in his Complaint sufficient to meet the fourth prong of the Kneipp test. Accordingly, Defendants' Motion to Dismiss is granted.

      **B.**    **Municipal Liability of City of Philadelphia**

Plaintiff also alleges that the City of Philadelphia "failed to discipline, train or otherwise direct police officers," causing Officers Williams and Whitaker to engage in unlawful

5

conduct. Pl.'s Am. Compl. at ¶ 24. Specifically, Green alleges that "the City's practice of permitting police officers to return guns to their owners after the owners showed a tendency toward violent conduct in this instance violated the right of the plaintiff to substantive due process." Id.

Generally, a municipal entity cannot be liable under the Fourteenth Amendment without a finding of liability on the part of an individual officer. City of Los Angeles v. Heller, 475 U.S. 796 (1986). The Third Circuit, however, indicated that in some circumstances a city may be liable even though its officers are not liable. See Fagan v. City of Vineland, 22 F.3d 1283, 1292 (3d Cir. 1994). This occurs when the plaintiff brings separate, independent constitutional claims against the officers and the City. Id. Because these claims are based on different theories and require proof of different actions and mental states, "[a] finding of municipal liability does not depend automatically or necessarily on the liability of any police officer." Id.

This, however, is not the case here as Plaintiff's claims against the individual officers and the City are significantly intertwined. Plaintiff's claim against both the officers and the City is predicated on the notion that the policy of returning a gun to its owner who may have shown a tendency toward violent conduct is unconstitutional. This policy, however, is not unconstitutional. Therefore, in light of the Court's finding that the officers and the City are not liable for "state-created danger," the Court also grants Defendant the City of Philadelphia's Motion to Dismiss relating to Plaintiff's claim of municipal liability.

### C. Qualified Immunity

Defendants raised the affirmative defense of qualified immunity as to their liability in this situation. However, as Plaintiff has failed to satisfy the Kneipp test for the individual Defendants, the Court finds no need to address the issue of immunity.

## IV. CONCLUSION

For the foregoing reasons, Defendants the City of Philadelphia's, Officer Williams's, and Officer Whitaker's Motion to Dismiss is granted.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FITZ GREEN, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. 02-4433 |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et. al, | : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 9th day of April, 2003, upon consideration of Defendants' City of Philadelphia, Police Officer Williams and Police Officer Whitaker's Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 14) and Plaintiff's Response thereto (Docket No. 16), it is hereby **ORDERED** as follows:

1. Defendants' Motion to Dismiss is **GRANTED**.

2. The Court will decline to exercise supplemental jurisdiction over state law claims against Defendant Evelyn White.

This case is **CLOSED**.

BY THE COURT:

_____
RONALD L. BUCKWALTER, J.